UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTONIO MCKINNEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:25-cv-00370-SDN |
| | ) |
| MAINE STATE POLICE, et al., | ) |
| | ) |
| Defendants | ) |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff alleges law enforcement agencies and government employees violated his constitutional rights in connection with an arrest and a loss of property. (Complaint, ECF No. 1.) With his complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 3), which application the Court granted. (Order, ECF No. 4.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

### LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under §

1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## FACTUAL ALLEGATIONS[1]

In June 2023, Plaintiff was arrested and held in custody by the Beecher Police Department in Illinois. Plaintiff alleges that officers from the Auburn Police Department identified themselves as working for the Department of Homeland Security and requested that the officers in Illinois hold Plaintiff while a warrant was obtained. According to Plaintiff, in July 2023, he was transported to Maine without a proper extradition process. Plaintiff maintains that Defendant Walsh, an assistant district attorney in Maine, continued to prosecute charges against Plaintiff in state court with the knowledge that Plaintiff had been transported without a warrant.

Around the time that he was transported from Illinois to Maine, Plaintiff's two show dogs were taken and never returned. Plaintiff argues the conduct of the Auburn Police Department and the Maine DHHS ultimately caused the loss of property.

## DISCUSSION

Plaintiff's allegations could be construed as an attempt to assert a Fourth Amendment claim against officers in Maine for conduct that allegedly resulted in his arrest in Illinois. The Fourth Amendment prohibits unreasonable searches and seizures and provides that no warrant shall issue except on a showing of "probable cause, supported by

---

[1] The facts are drawn from the complaint, attachments to the complaint, and several supplements and amendments. (*See* ECF Nos. 1, 1–1, 1–2, 1–3, 6, 7.) In his various filings, Plaintiff asserted many of the same allegations and claims that he raised in several other lawsuits. One case has been dismissed, and I have recommended dismissal of all but one claim in the other lawsuits after preliminary review of his pleadings. (*See McKinney v. Department of Health and Human Services*, 2:25-cv-00365-SDN; *McKinney v. Wing*, 2:25-cv-00355-SDN; *McKinney v. Lewiston Police Department*, 2:25-cv-00367-SDN; *McKinney v. Androscoggin County Jail*, 2:25-cv-00368-SDN.) The following summary contains only the factual allegations not included and previously addressed in the other cases.

3

oath or affirmation." U.S. Const. amend. IV. For a search or seizure of a person or a person's home to be reasonable, "a warrant must generally be secured," but "the warrant requirement is subject to certain reasonable exceptions." *Kentucky v. King*, 563 U.S. 452, 459 (2011).

Plaintiff's filings consist largely of labels and conclusory allegations regarding his arrest. Plaintiff does not include in his filings much detail regarding the circumstances during or leading to his arrest and detention. At most, Plaintiff's filings could be construed to assert that officers in Maine caused officers in another state to arrest him without a warrant. A warrantless arrest is not necessarily unlawful. Without more facts from which one could discern whether a warrant was required, Plaintiff has not alleged an actionable Fourth Amendment claim. *See Morozko v. Shoshone County*, No. 1:19-CV-00512-BLW, 2020 WL 1535132, at *6 (D. Idaho Mar. 31, 2020) ("merely alleging that a search or arrest was made without probable cause does not suffice to state a plausible Fourth Amendment claim. Further, because there are exceptions to the warrant requirement, a plaintiff must allege more than simply a warrantless search or arrest"); *Cannon v. Wood*, No. 9:10-CV-1332 GTS/RFT, 2011 WL 7071100, at *7 (N.D.N.Y. Aug. 12, 2011) (recommending dismissal when a complaint "states in conclusory fashion that [the plaintiff] was subjected to an illegal search" and was "devoid of any factual allegations" about the search).

The Court can also take judicial notice of the court records in the various criminal cases brought against Plaintiff in state court during the relevant timeframe. *See State v. McKinney*, ANDCD-CR-2020-02216 (Me. Dist. Ct., Lewiston); *State v. McKinney*, ANDCD-CR-2020-02971 (Me. Dist. Ct., Lewiston); *State v. McKinney*, ANDCD-CR-

2022-01285 (Me. Dist. Ct., Lewiston); *State v. McKinney*, ANDCD-CR-2023-00791 (Me. Dist. Ct., Lewiston); *State v. McKinney*, ANDCD-CR-2023-01532 (Me. Dist. Ct., Lewiston). While Plaintiff bases many of his claims on the lack of an arrest warrant, the court records are inconsistent with Plaintiff's assertion that he was subjected to an unlawful warrantless arrest. For example, in one case, after Plaintiff was arraigned and released on bail on June 7, 2023, a warrant for bail revocation issued on June 13, 2023, and was executed in July 2023. Plaintiff's July 2023 arrest appears to be the arrest that he challenges. *See State v. McKinney*, ANDCD-CR-2023-00791.

On Plaintiff's apparent challenge to his extradition to Maine, the only defendant alleged to have any involvement in that process is the assistant district attorney, Defendant Walsh. Plaintiff, however, does not explain what role, if any, Defendant Walsh had in his arrest and transport; Plaintiff only alleges that Defendant Walsh prosecuted him after he was returned to Maine. The facts alleged are insufficient to state a plausible claim against Defendant Walsh. Defendant Walsh is also entitled to absolute prosecutorial immunity regarding charging decisions and other similar roles in the state proceedings against Plaintiff because the alleged facts do not support a plausible inference that he exceeded traditional prosecutorial duties. *See generally*, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Plaintiff's other discernible claims also lack sufficient factual support. For example, regarding his property loss claim, Plaintiff does not allege that any of the government employee defendants were the individuals who took his dogs. Rather, at most, he alleges that he was unable to prevent the taking because he was in custody. Such a claim is not

5

actionable. Plaintiff also listed as defendants many other individuals and unnamed placeholder individuals. Because "various liability is inapplicable" in a federal civil rights lawsuit, a government official is "only liable for his or her own misconduct," and "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009). Plaintiff has not alleged any conduct for the other defendants or plausibly explained why the named government officials might have been involved in the circumstances underlying his claims. Plaintiff, therefore, has not stated an actionable claim against any of the other individuals.

    Plaintiff also seeks to recover from multiple local police departments. A local police department, however, is "not a suable entity." *Dwan v. City of Boston*, 329 F.3d 275, 278 n.1 (1st Cir. 2003). A police department does not have a legal identity separate from the city. *See, e.g., Johnson v. City of Biddeford*, No. 2:17-cv-00264-JDL, 2018 WL 1173428, at * n.1 (the Biddeford Police Department "is not a legal entity separate from the City of Biddeford"); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1132 (S.D. Fla. 1990) (dismissing suit against a police department because, as an integral part of the city, it lacked a legal identity apart from the city). Plaintiff, therefore, cannot proceed on a claim against the local police departments.

    To the extent Plaintiff's complaint is construed to allege a claim against the municipalities in which the police departments operate, Plaintiff's claim fails. A municipality cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by a municipal employee. *Welch v. Ciampa,* 542 F.3d 927, 941

(1st Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). A municipality can be held liable under § 1983 "only for [its] own unconstitutional acts." *Haley v. City of Boston*, 657 F.3d 39, 51 (1st Cir. 2011). "Thus, a plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, 'through its deliberate conduct, the municipality was the moving "force behind" the injury alleged.'" *Id*. (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997)). For a municipality to be liable for a constitutional deprivation, the record must include evidence that a municipal policy, custom, or practice caused the deprivation. *Welch*, 542 F.3d at 941. The applicable standard thus requires a plaintiff to "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Plaintiff has not identified in his complaint a municipal policy or custom that resulted in the alleged deprivation of his constitutional rights.

Plaintiff also named the Maine State Police as a defendant, but state agencies are not considered persons under 42 U.S.C. § 1983, *Will v. Michigan Department of State Police,* 491 U.S. 58, 64 (1989), and under the doctrine of sovereign immunity exemplified by the Eleventh Amendment, states and state agencies may not be sued by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Department of Corrections*, 558 F.3d 92, 97 n.6 (1st Cir. 2009).

Because Plaintiff has not stated a federal claim, the Court should not exercise supplemental jurisdiction over any of the alleged state law claims. *See Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well

before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"). Accordingly, dismissal of the matter is warranted.

## CONCLUSION

For the reasons state above, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of November, 2025.